# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                  **Case No. 05-CR-4**

**ROBERT M. HAWPETOSS,**

        Defendant.

## RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH ON THE DEFENDANT'S MOTION TO DISMISS AND ORDER

### INTRODUCTION

On January 4, 2005, the grand jury returned a single count-indictment against Robert M. Hawpetoss ("Hawpetoss"). The indictment alleges that Hawpetoss, a Native American Indian, attempted to engage in a sexual act with a minor on the Menominee Indian Reservation, in violation of 18 U.S.C. §§ 1153(a) and 2241(c). Hawpetoss filed a motion to dismiss the indictment for violation of his right to a speedy trial, and this court previously recommended that Hawpetoss' motion be denied. (Order & Recommendation, March 2, 2005.). Objections to that recommendation remain pending before the district court.

On March 15, 2005, the grand jury returned a nine-count superseding indictment (hereinafter "indictment") against Hawpetoss, charging him in relation to various other sexual acts with minors. The new charges, contained in counts two through nine, date from September of 1982 to the summer

of 1993. Hawpetoss filed a motion to dismiss those counts, claiming that the new charges were issued beyond the statute of limitations. In addition, Hawpetoss filed a motion to dismiss counts two through nine, claiming that those charges do not afford him adequate notice as to the time of the alleged offenses. In the alternative, Hawpetoss requests that the court order the government to file a bill of particulars specifying the dates of the offenses alleged in counts two through nine. The pleadings on Hawpetoss' motions closed as of May 13, 2005. A jury trial is scheduled to commence before the Honorable William C. Griesbach on June 13, 2005, with a final pretrial conference set for June 2, 2005.

On May 17, 2005, before this court had the opportunity to issue an order and forward its recommendation on Hawpetoss' motions, the grand jury returned a second superseding indictment in this case. The most recent indictment addresses some of the issues raised Hawpetoss' pending motion to dismiss based on the statute of limitations. The merits of that motion will be addressed herein to the extent that the motion is not moot in light of the new indictment.

## FIRST MOTION TO DISMISS: STATUTE OF LIMITATIONS

Hawpetoss' first motion to dismiss argues that counts two through nine of the first superseding indictment were issued beyond the applicable statute of limitations. In support dismissal, Hawpetoss cites Stogner v. California, 539 U.S. 607 (2003). The Stogner court held that a time-barred prosecution may not be revived when the applicable statute of limitations is extended. Such extension of an already expired statute of limitations would violate the ex post facto clause of the Constitution, art. I, § 9, cl. 3. Stogner, 539 U.S. at 616. Based on Stogner, Hawpetoss claims that counts two through eight of the first superseding indictment must be dismissed because the statute of limitations applicable at the time of those offenses expired, prior to being extended by amendment. (Hawpetoss

2

Br. 7.). In addition, Hawpetoss claims that count nine of the first superseding indictment should be dismissed even though the statute of limitations for that offense had yet to expire when it was amended. (Id.).

**I. Count Four**

In its response brief, the government agrees that count four of the first superseding indictment should be dismissed as time-barred and violative of the ex post facto clause. (Gov. Resp. 1.). In addition, the second superseding indictment does not contain the offense previously set forth at count four. This renders Hawpetoss' motion moot in this regard, and the court will recommend that it be denied as such.

**II. Count Two**

Hawpetoss' motion is also moot, in part, with respect to count two. Count two of the first superseding indictment alleges that Hawpetoss knowingly engaged in sexual acts with a minor "[b]etween approximately ***September 1982***, until approximately September, 1986" (emphasis added). The government agreed that offenses occurring on or before November 29, 1985 are time-barred based on the applicable statute of limitations and the ex post facto clause. (Gov. Resp. 5-6.). The second superseding indictment, presumably in accord with the position asserted in the government's response, limits the time period of count two to "approximately ***November 30, 1985***, until approximately September, 1986" (emphasis added). To the extent that Hawpetoss' motion sought dismissal of offenses earlier than November 30, 1985, the motion is moot and the court will recommend that the motion be denied as such.

**III. Counts Two, Three, and Five Through Nine**

As to the remaining counts of the first superseding indictment, all of which are included in the most recent indictment, the court will recommend that Hawpetoss' motion be denied. In his initial brief, Hawpetoss erred in identifying the correct date that the applicable statute of limitations was extended. Hawpetoss assumed that the statute of limitations—which was originally five years from the commission of the offense—was not amended until September 12, 1994. (Hawpetoss Br. 6 citing 18 U.S.C. § 3283 (1994).). That is not the case. Congress enacted 18 U.S.C. § 3509(k), entitled "Extension of Child Statute of Limitations" on November 29, 1990. Section 3509(k) read, in pertinent part, as follows:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution **before the child reaches the age of 25 years.**

(emphasis added). The 1994 statute cited by Hawpetoss, § 3283, simply recodifies § 3509(k).

Hawpetoss' failure to recognize the earlier statute of limitations extension has significant consequences. Because the statute of limitations was extended in 1990, rather than in 1994, none of the remaining counts were time-barred when the extension was enacted. Thus, the present case is not controlled by the rule discussed in Stogner, and the amended statute of limitations may be applied retroactively without violating the ex post facto clause. See Massarella v. Elrod, 682 F.2d 688, 689 (7th Cir. 1982)("extending a limitation period before a given prosecution is barred does not violate the ex post facto clause").

In his reply brief, Hawpetoss acknowledges § 3509(k), but claims that Congress did not intend § 3509(k) to apply retroactively. (Hawpetoss Reply 1-3.). In particular, Hawpetoss argues that "Congress will speak if it intends to apply a newly extended statute of limitations to offenses in which

4

the initial statute of limitations had not yet run." (Hawpetoss Br. 4.). This argument is based on the 1990 amendments to 18 U.S.C. § 3293, which extended the statute of limitations for financial institution offenses. (Id.). When § 3293 was amended, Congress specified that the amendments "shall apply to any offense committed before the date of the enactment of this section, if the statute of limitations applicable to that offense had not run as of such date." (Id. citing Pub. L. No. 101-647, 104 Stat. 4862.). Hawpetoss claims that Congress would have made a similar statement with regard to § 3509(k), if it intended retroactive application.

This court does not reach that conclusion. To determine whether a statute applies retroactively, the court must follow the guidelines set forth in Landgraf v. USI Film Products, 511 U.S. 244 (1994). Faiz-Mohammad v. Ashcroft, 395 F.3d 799, 801 (7th Cir. 2005). Landgraf established a two-part test. First, the court must discern whether Congress has spoken to whether the statute should have retroactive effect. In answering this question, courts employ the customary rules of statutory construction, assaying the language of the statute itself and then considering its structure and purpose. Id. at 802 (internal citations omitted). If Congress expresses that a statute should have retroactive effect, the court's analysis comes to an end. See Turkhan v. Perryman, 188 F.3d 814, 825 (7th Cir. 1999). However, if the statute is silent, the court next must consider whether retroactive application of the statute would impair rights a party possessed when he acted, [would] increase a party's liability for past conduct, or [would] impose new duties with respect to transactions already completed." Faiz-Mohammad, 395 F.3d at 801 (quoting Landgraf, 511 U.S. at 280).

While § 3509(k) contains no statement that it should apply to offenses for which the statute of limitations has yet to run, § 3509(k) does state that "*[n]o statute of limitation that would otherwise preclude prosecution* . . . shall preclude prosecution before the child reaches the age of 25 years."

5

Based on that language, § 3509(k) applies retroactively. To hold otherwise would render the emphasized language meaningless. Thus, Congress did not need a separate statement similar to the one contained in § 3293, as Hawpetoss contends. The emphasized language is sufficient. See also United States v. Jeffries, — F.3d —, 2005 WL 956809 (8th Cir. Apr. 27, 2005)(holding that § 3509(k) applies retroactively based, in part, on the subsection title "***Extension*** of child statute of limitations" (emphasis added)).

Looking at the first superseding indictment and concluding that § 3509(k) applies retroactively to offenses for which the statute of limitations has not expired means that the statute of limitations with respect to counts two (to the extent it is not time-barred, which was remedied in the second superseding indictment) and count three would not expire until September 27, 1999. That is the date upon which the alleged victim specified in those counts reached the age of twenty-five. For the same reasons, the statute of limitations with respect to counts five through nine of the first superseding indictment would not expire until May 10, 2004. By either of those dates, Hawpetoss had fled from law enforcement officials, such that any applicable statute of limitations would be tolled pursuant to 18 U.S.C. § 3290. That section states that "[n]o statute of limitations shall extend to any person fleeing from justice." To trigger the tolling statute, the government must prove that Hawpetoss fled from law enforcement officials with the intent to avoid arrest or prosecution. United States v. Marshall, 856 F.2d 896, 900 (7th Cir. 1988). That burden is satisfied here. As discussed in this court's March 2, 2005 recommendation:

> Hawpetoss is solely responsible for the amount of time that passed from the date of the alleged offense until his arrest. Prior to that time, the government could not locate Hawpetoss. On the night of the alleged offense, September 18, 1999, Menominee Tribal police attempted to find Hawpetoss by interviewing witnesses and the alleged victim, visiting Hawpetoss' residence, tracking Hawpetoss with its canine

6

unit, and setting up a perimeter around the area from which Hawpetoss might escape. Despite these efforts, Hawpetoss was able to leave the Menominee reservation and travel to Madison, Wisconsin where he planned to stay with his daughter. Shortly after his arrival, Hawpetoss' daughter informed him that police were looking for him in connection with the alleged offense. Consequently, Hawpetoss left Madison and traveled to Portland, Oregon. Law enforcement officials traced Hawpetoss to Oregon in 2002 when he was arrested for a different offense (but released the following day) using the name Calvin B. Jerome. Hawpetoss is also believed to have used the alias Jerome Biddel and was not located and arrested until December 6, 2004.

     The government has filed an account of the measures employed to trace Hawpetoss prior to his arrest. Among the many procedures described, law enforcement officials submitted information regarding Hawpetoss to national crime databases in November of 1999 and January of 2000; contacted Hawpetoss' friends and relatives in from 1999 to 2002; and contacted America's Most Wanted about featuring Hawpetoss in November of 2004. Although there are gaps of time in the government's record of investigative methods, law enforcement officials cannot be expected to continuously pursue a suspect once they have already exhausted all known leads. Here, Hawpetoss has not presented evidence that law enforcement officials knew his location, ignored information likely to reveal his location, or slumbered in their pursuit of this case.

(Order & Recommendation, March 2, 2005 at 5-6 (internal citations to the record omitted)).

Based on the foregoing, it is the opinion of this court that § 18 U.S.C. § 3290 applies and the statute of limitations was tolled from September 18, 1999 until December of 2004, when Hawpetoss was located and arrested. This alone resolves Hawpetoss' motion in regard to counts five through nine of the first superseding indictment. As mentioned earlier, the extended statute of limitations as to those charges would not expire until May 10, 2004. The years that were tolled add adequate time to that deadline to make the return of the superseding indictment timely.

However, the statue of limitations analysis of counts two and three of the first superseding indictment is more complicated based upon the date it was returned by the grand jury. When Hawpetoss fled from law enforcement officials and triggered the tolling statute, only nine days remained before the extended statute of limitations would expire as to those counts. Since counts two

7

and three first appeared in the superseding indictment, in order to be timely under the § 3509(k) extended statute of limitations, the superseding indictment would have to have been returned within nine days of the date that Hawpetoss was located and arrested. That is not the case—in fact, the superseding indictment was not returned until March 15, 2005, approximately three months after Hawpetoss' arrest. However, on March 29, 2003, the applicable statute of limitations was again extended by amendment. 18 U.S.C. § 3283 (2003). Section 3283 allows prosecution at any time during the life of the child. In addition, § 3283 mirrors the language of § 3509(k), which indicates that Congress intended the statute to apply retroactively. Thus, the statute of limitations for counts two and three (as well as counts five through nine) was extended and has yet to expire.

For all the reasons discussed, counts two (to the extent that it is not time-barred), three, and five through nine of the first superseding indictment were timely filed, and the court will recommend that Hawpetoss' motion be denied with respect to those counts.

### SECOND MOTION TO DISMISS: TEMPORAL SPECIFICITY

The most recent indictment does not affect the merits of Hawpetoss' second motion to dismiss. Hawpetoss' second motion argues that counts two through nine of the first superseding indictment should be dismissed because the time period during which the offenses are alleged to have been committed is too broad to allow Hawpetoss to prepare an adequate defense. This motion is applicable to the second superseding indictment. Count two of the most recent indictment charges that Hawpetoss engaged in a sexual act with a minor "[b]etween approximately September, 1985, until approximately September, 1986." The remaining counts at issue charge Hawpetoss with offenses during the winter of a particular year (counts four through eight of the first superseding indictment) or during the summer of a particular year (counts three and nine of the first superseding indictment).

8

Hawpetoss claims that the counts should be dismissed or, in the alternative, that the government should be required to file a bill of particulars that narrows the time of the alleged offenses to a particular date. The government did not respond to Hawpetoss' motion.

In determining whether an indictment is sufficient, the court considers whether the indictment (1) states each element of the alleged offense; (2) provides the defendant with information adequate for the preparation of his defense; and (3) provides a sufficient basis for a judgment that would bar any subsequent prosecution for the same offense. United States v. Hausmann, 345 F.3d 952, 955 (7th Cir. 2003)(citing FED. R. CR. P. 7)). By requesting that the government specify a particular date for each of the alleged offenses, Hawpetoss asks the court to focus on the second and third considerations. In doing so, the court will review the indictment practically, rather than in a "hypertechnical manner" and will consider the indictment in its entirety. United States v. Smith, 230 F.3d 300, 305 (7th Cir.2000); United States v. McNeese, 901 F.2d 585, 602 (7th Cir. 1990). Ultimately, the test for validity of an indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. Hausmann, 345 F.3d at 955 (citing United States v. Allender, 62 F.3d 909, 914 (7th Cir.1995)). Based upon these considerations, this court concludes that the challenged counts of the indictment are sufficient to withstand a motion to dismiss. The court will recommend that this motion be denied.

The defendant's concerns can be adequately remedied by use of Rule 7(f) of the Federal Rules of Criminal Procedure, which allows for a bill of particulars; that is, a more specific expression of the illegal activities a defendant is accused of having engaged in. United States v. Canino, 949 F.2d 928, 948 (7th Cir.2001). The decision whether to require a bill of particulars is discretionary, and a bill of

9

particulars is not required where information necessary to an adequate defense can be obtained through some other satisfactory form. Canino, 949 F.2d at 948.

In the present case, further specificity is required to enable Hawpetoss to prepare an adequate defense. Hawpetoss cannot be expected to account for the vast time periods that are specified in the several counts of the indictment. Moreover, describing the offense in terms of a season, rather than a particular date, leaves the relevant time period subject to interpretation. A bill of particulars resolves this uncertainty and precludes a change in the specific allegations, thereby avoiding the risk of double jeopardy. Accordingly, the court will grant Hawpetoss' request that the government to file a bill of particulars. In doing so, if the government is unable to specify a particular date, it must identify, at a minimum, the month during which the offenses alleged in counts two through nine took place. While Hawpetoss seeks the precise date of the alleged offenses, that degree of specificity may not be possible and is not required to satisfy the "minimal constitutional standards" required of an indictment.

For all of the reasons discussed herein, the court now enters the following recommendation and order:

**IT IS THEREFORE RECOMMENDED** that Hawpetoss' first motion to dismiss be **denied as moot** with respect to (1) count four of the first superseding indictment and (2) count two of the first superseding indictment, to the extent that count two alleges an offense on or before November 29, 1985. The parties agree that these offenses are time-barred and neither are included in the second superseding indictment.

**IT IS FURTHER RECOMMENDED** that Hawpetoss' first motion to dismiss be **denied** with respect to (1) count two of the first superseding indictment, to the extent that count two alleges an offense on or after November 29, 1985; (2) count three of the first superseding indictment; and (3)

counts five through nine of the first superseding indictment. All of these offenses are renumbered in the second superseding indictment at counts two through eight, and this recommendation applies equally to the second superseding indictment.

**IT IS FURTHER RECOMMENDED** that Hawpetoss' second motion to dismiss, based on temporal specificity, be **denied.**

**IT IS THEREFORE ORDERED** that the government file a bill of particulars that comports with this decision no later than **June 1, 2005.** This order applies to the second superseding indictment.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this <u>18th</u> day of May, 2005.

s/AARON E. GOODSTEIN<br>United States Magistrate Judge