UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 05-CR-04

ROBERT MICHAEL HAWPETOSS,

        Defendant.

**ORDER DENYING MOTION TO DISMISS
BASED ON SPEEDY TRIAL VIOLATION**

On January 4, 2005, the grand jury returned a single-count indictment against Robert M. Hawpetoss. The indictment alleges that Hawpetoss, a Native American Indian, attempted to engage in a sexual act with a minor on the Menominee Indian Reservation in violation of 18 U.S.C. §§ 1153(a) and 2241(c). The indictment also contained a sentencing allegation that the victim referenced in the indictment had not attained the age of twelve years, which corresponds to a specific sentence enhancement under the United States Sentencing Guidelines. Following arraignment, the case was referred to Magistrate Judge Aaron E. Goodstein for pretrial motion practice pursuant to the rules of the district.

Hawpetoss filed a motion to strike the sentencing allegation as surplusage and to dismiss the indictment for violation of his right to a speedy trial. The government did not oppose and Magistrate Judge Goodstein granted the motion to strike. Prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), it was the practice of the

government to include sentencing enhancements in the indictment in an attempt to comply with *Blakely v. Washington*, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004), and the Seventh Circuit's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). After the Supreme Court's decision in *Booker*, including sentencing enhancements in the indictment is no longer necessary in order to preserve the government's right to have them applied at sentencing. Thus, the government concedes that the sentencing enhancement may be stricken and I need not address that issue here.

Magistrate Judge Goodstein also recommended that Hawpetoss' motion to dismiss for violation of his Sixth Amendment right to a speedy trial be denied. Hawpetoss argued that the indictment should be dismissed because of the more than five-year delay between the issuance of a criminal complaint charging him with the offense in November of 1999 and the return of the indictment on January 4, 2005. In support of his recommendation that the motion to dismiss be denied, Judge Goodstein first concluded that Hawpetoss' Sixth Amendment speedy trial right was not triggered until his arrest, which occurred on December 6, 2004. Thus, in determining whether his constitutional right to a speedy trial was violated, the relevant time period was the twenty-nine days between his arrest and the return of the indictment on January 4, 2005. Because this was not an uncommonly long time, Judge Goodstein concluded no violation had occurred.

In the alternative, even if the issuance of a criminal complaint was enough to trigger Hawpetoss' speedy trial right, Judge Goodstein concluded that the motion to dismiss should nevertheless be denied because Hawpetoss was himself responsible for the delay. Judge Goodstein found that Hawpetoss had fled from the reservation and the state shortly after the offense occurred and used aliases for at least part of that time. Based on the account of measures taken by law enforcement to trace Hawpetoss prior to his arrest, Judge Goodstein concluded that the government was not at fault for the delay. Finally, Judge Goodstein concluded that Hawpetoss had failed to

2

demonstrate that he suffered any prejudice as a result of the delay. Based upon his analysis and conclusions, Judge Goodstein recommended that the motion to dismiss be denied.

Hawpetoss filed a timely objection to Magistrate Judge Goodstein's recommendation in which he incorporates his entire argument in support of his motion, but takes specific exception to Judge Goodstein's ruling that the issuance of a criminal complaint in November of 1999 did not trigger his right to a speedy trial under the Sixth Amendment. Citing *Kirby v. Illinois*, 406 U.S. 682, 689 (1972), and *United States v. Marion*, 404 U.S. 307 (1971), Hawpetoss argues that the law is not clear on the question of when the right is triggered and the court must therefore make a policy decision as to when the right should attach. He urges that the court adopt the "functional approach" which he claims is reflected in *Kirby*, as opposed to the "formal approach" represented by *Marion*, and hold that the issuance of the complaint triggered his speedy trial right. Hawpetoss also challenges Magistrate Judge Goodstein's analysis of the factors that govern the determination once an uncommonly long delay is found. He contends that Judge Goodstein's finding that Hawpetoss is more responsible for the delay is unsupported by the record since the government has not produced the actual reports or other evidence of the investigative efforts it expended to locate him over the five-year period between the issuance of the complaint and his arrest. Finally, on the issue of prejudice, Hawpetoss contends that given the length of the delay, prejudice may be presumed and need not be shown.

I agree with Magistrate Judge Goodstein's analysis and adopt his recommendation. I conclude that under *Marion*, the Sixth Amendment right to a speedy trial does not come into play upon the mere issuance of a criminal complaint for a felony under federal law. In *Marion*, the Court specifically addressed the issue of when the Sixth Amendment right to a speedy trial arises. Upon considering the interests the right was intended to protect, the Court stated:

3

> So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment. Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge. But we decline to extend that reach of the amendment to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer.

404 U.S. at 321. More recent decisions by the Seventh Circuit are in accord. *See, e.g., United States v. King*, 338 F.3d 794, 798 (7th Cir. 2003) ("[I]t is well settled that the Sixth Amendment right to a speedy trial has no application prior to arrest or indictment."); *United States v. Wallace*, 326 F.3d 881, 885 (7th Cir. 2003) (same).

*Kirby*, by contrast, deals with the right to counsel at a pre-indictment line-up. *Kirby's* general statement that the right to counsel attaches "at or after the initiation of adversary criminal proceedings, whether by way of formal charge, preliminary hearing, indictment, information or arraignment" is not sufficient to call into question the explicit holding of *Marion*. It merely stands in recognition of the fact that in some jurisdictions and for certain prosecutions, such as for misdemeanors, a complaint is all that is needed to commence a prosecution and thus in those cases is sufficient to trigger Sixth Amendment protections. *See* 4 Wayne R. LaFave, Jerold H. Israel, & Nancy J. King, CRIMINAL PROCEDURE §18.1(c) at 670 (2d ed. 1999) ("A charging document short of an indictment, such as a complaint, will suffice if it alone gives the court jurisdiction to proceed to trial, and this is so even if the defendant is unaware of the charge."). In federal court, of course, a felony must be prosecuted by indictment. Fed. R. Crim. P. 7(a)(1). I therefore agree with Magistrate Judge Goodstein that the law, at least in this circuit, is clear. The Sixth Amendment speedy trial right does not begin to run until either arrest or indictment. Because the time between

4

Hawpetoss' arrest and the return of the indictment was only twenty-nine days, no violation can be found here.

I also agree with Magistrate Judge Goodstein's analysis of the other factors governing a Sixth Amendment speedy trial analysis. The account of the measures taken by law enforcement to trace Hawpetoss prior to his arrest, when compared with Hawpetoss' efforts to avoid detection, are sufficient to demonstrate that responsibility for the delay rests with Hawpetoss. It is true that there are gaps of time in the government's record of investigative methods. But as Judge Goodstein noted, "law enforcement officers cannot be expected to continuously pursue a suspect once they have already exhausted all known leads." March 2, 2005 Order & Rec. at 6. Given Hawpetoss' decision to flee from the area and the state, and his use of aliases to avoid detection, despite his knowledge that police were looking for him, he is clearly more at fault for the delay than the government. Throughout this period of time, he could have returned and faced the charge at any time. His decision not to cannot be blamed on the government.

For these reasons, and those more fully set forth in Magistrate Judge Goodstein's recommendation, I conclude that Hawpetoss' Sixth Amendment right to a speedy trial was not violated. I therefore accept the recommendation of Judge Goodstein and order that Hawpetoss' motion to dismiss on the ground that his right to a speedy trial was violated be denied.

**SO ORDERED**.

Dated this   7th   day of June, 2005.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge