UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 05-CR-004

ROBERT MICHAEL HAWPETOSS,

        Defendants.

## ORDER ON EVIDENCE OF OTHER SEX CRIMES

Michael Hawpetoss is charged in an indictment with eight counts of child sexual assault involving three different victims over the period from November 30, 1985, through September 18, 1999. Federal jurisdiction exists under the Indian Major Crimes Act, 18 U.S.C. § 1153, because Hawpetoss is a Native American and the offenses are alleged to have occurred on the Menominee Indian Reservation. A jury trial is set to commence on July 20, 2005. Presently before me is the government's motion in limine to admit evidence of other acts of sexual assault by Hawpetoss pursuant to Fed. R. Evid. 414 and 413.

### PROPOSED EVIDENCE

The government seeks to present testimony by S.C., M.W., D.A.S., and F.B. that Hawpetoss sexually abused them when they were children as far back as 1973. Two of the victims (D.A.S. and F.B.) were Hawpetoss' stepchildren and are named as victims in the indictment. In addition to the charged offenses, the government states they would testify that Hawpetoss sexually assaulted them

on numerous other occasions. D.A.S. would testify that the abuse began when he was in the second grade which, given his date of birth, would be about 1981. D.A.S. would testify that the abuse took the form of oral sex (mouth to penis) and simulated anal sex, and continued every other month for approximately six to eight years. F.B., according to the government, who is the victim in counts four through eight of the indictment, would testify that Hawpetoss started to sexually molest her when she was about four years old and continued for approximately four or five years. The abuse generally took the form of Hawpetoss forcing F.B. to perform oral sex on him about twice per week when her mother was not at home.

The incidents involving S.C. and M.W. are alleged to have occurred less frequently and significantly earlier. S.C., Hawpetoss' nephew, would testify, according to the government, that when he was about nine or ten, which given his date of birth would make it 1974 or 1975, he spent the night at Hawpetoss' house and awoke to find Hawpetoss performing oral sex on him. He turned his head and saw a large hunting knife on the bed next to him. Hawpetoss told him to "keep his mouth shut" and not tell anyone. About six months to a year later, S.C. would testify that he awoke in the middle of the night to find Hawpetoss attempting to have anal sex with him. S.C. did not see Hawpetoss again until the date of Hawpetoss' arrest.

M.W., whose mother lived with Hawpetoss for a period of time, recounted two incidents that occurred when he was roughly nine years old, which would place them in about 1973. The first incident occurred when he slept outside in a tent. Hawpetoss offered to spend the night with him, but once in the tent, asked M.W. to touch his genitals. M.W. refused but was later awakened by Hawpetoss taking off his shorts and underwear. Hawpetoss rubbed his penis on M.W.'s buttocks and fondled M.W.'s genitals until Hawpetoss ejaculated. The second incident occurred about a

2

month later when he spent the night in a camper with Hawpetoss and his brother. Hawpetoss repeatedly tried to remove his shorts and underwear and was stroking M.W.'s buttock with his hand. M.W. avoided Hawpetoss advances by getting up and telling him he had to go to the bathroom.

The government argues that this evidence is admissible under Rules 414 and 413 and seeks a pretrial ruling to that effect. Hawpetoss, on the other hand, argues that the evidence the government seeks to offer is unfairly prejudicial and should be excluded under Fed. R. Evid. 403. Hawpetoss also argues that admission of the proffered evidence would result in confusion of the issues, misleading the jury, undue delay, and the needless presentation of cumulative evidence.

**DISCUSSION**

Rules 413 and 414 of the Federal Rules of Evidence were enacted by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994, 108 Stats. 1796, Pub. L. No. 103-322. These rules create an exception to the general rule that evidence of other crimes may not be used "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Rule 413 expressly permits the use of "evidence of a defendant's commission of another offense or offenses of sexual assault" for any purpose for which it is relevant in any case in any ongoing prosecution for sexual assault. Likewise, Rule 414 permits the introduction of "evidence of the defendant's commission of another offense or offenses of child molestation" for any purpose for which it is relevant in a child molestation case. "Child molestation" is broadly defined as contact by the defendant with the genitals or anus of a child, or of a child with the genitals or anus of the defendant. It includes any conduct proscribed by chapter 109A or chapter 110 of Title 18 of the United States Code. *See* Fed. R. Evid. 414(d). Like all evidence, evidence of other sexual

assaults may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The intent of the new rules, particularly as they apply to cases involving sexual abuse of children, was described by one of the Senate sponsors of the legislation:

> The reform effected by these rules is critical to the protection of the public from rapists and child molesters, and is justified by the distinctive characteristics of the cases to which it applies. In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant – a sexual or sado-sexual interest in children – that simply does not exist in ordinary people. Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, there is a compelling public interest in admitting all significant evidence that will she some light on the credibility of the charge and any denial by the defense.

2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 414App.01[2][d], at 19-20 (Joseph M. McLaughlin ed., 2d ed. 2005) (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole)).

Although the Seventh Circuit has not had occasion to address the application of Rule 413 or Rule 414, several other Circuits have. From a review of the cases interpreting these relatively new rules, the following principles emerge. "A district court may exercise its discretion to admit evidence under Rule 414(a) only when a defendant is charged with an offense of child molestation, the proffered evidence is of the defendant's commission of another offense of child molestation, and the court determines the proffered evidence is relevant." *United States v. Drewry*, 365 F.3d 957, 959 (10th Cir. 2004). The rule applies to uncharged conduct, as well as conduct that has resulted in a prior conviction, and is to be liberally applied. *United States v. Meacham*, 115 F.3d 1488, 1492

4

(10th Cir. 1997) ("[C]learly under Rule 414 the courts are to 'liberally' admit evidence of prior uncharged sex offenses."); *see also United States v. Withorn*, 204 F.3d 790 (8th Cir. 2000) ("[I]n determining the admissibility of R.M.'s testimony the district court was obligated to take into account Congress's policy judgment that Rule 413 was 'justified by the distinctive characteristics of the cases it will affect,' and that Rule 414 evidence is 'exceptionally probative' of a defendant's sexual interest in children."). In addition, there are no time limits as to how recent the other conduct must be. *Meacham*, 115 F.3d at 1494 ("The historical notes to the rules and congressional history indicate there is no time limit beyond which prior sex offenses by a defendant are inadmissible."); *United States v. Larson*, 112 F.3d 600, 605 (2nd Cir. 1997) ("The legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad, allowing the court to admit evidence of Rule 414 acts that occurred more than 20 years before trial.").

In deciding whether to admit such evidence, however, it is essential that the trial court properly analyze the proffered evidence under Rule 403. For while it is true that Rules 413 and 414 were intended to supersede Rule 404(b)'s restriction on such evidence in cases involving charges of sexual assault by establishing a presumption in favor of admission, they did not create "a blank check." *United States v. Sioux,* 362 F.3d 1241, 1244 (9th Cir. 2004). Because of the unique nature and powerful impact such evidence may have, "it is important that the trial court 'make a reasoned, recorded' statement of its [Rule] 403 decision when it admits evidence under Rules 413-415." *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998) (quoting *United States v. Guardia*, 135 F.3d 1326, 1332 (10th Cir.1998)). The factors that the court should consider in making its Rule 403 determination include:

5

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001). Other factors relevant to the specific case before the court should also be considered. *Id.*

With these principles in mind, I turn to the motion before me. I note at the outset that the evidence the government has proffered falls squarely within the scope of evidence permitted under Rule 414. Hawpetoss is charged with offenses that are proscribed by chapter 109A and chapter 110 of Title 18 of the United States Code. And the evidence proffered by the government is of offenses that involve sexual contact between the defendant and children. To the extent a finding by the court, separate and apart from the legislative judgment embodied in the Rule is required, I also find the evidence relevant.

The Federal Rules define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that Hawpetoss sexually assaulted young children in the past in a fashion similar to what he is alleged to have done here meets this test. The government has charged Hawpetoss with eight separate offenses involving sexual contact with children. Hawpetoss has pled not guilty, which means for the government to prevail, it must introduce evidence that a jury will find convincing beyond a reasonable doubt. In order to meet this burden, the government intends to introduce the testimony of the individuals Hawpetoss is alleged to have assaulted. Their testimony is the only direct evidence the government will offer. There is no physical evidence, such a DNA, fingerprints, or evidence of trauma.

6

Whether he testifies or not, Hawpetoss' not guilty plea operates as a denial that he committed the charged offenses. Thus, the jury will have to determine who is telling the truth.

The credibility of Hawpetoss' claim that he did not engage in the behavior he is accused of, whether it remains implicit in the not guilty plea he entered or becomes explicit in his testimony at trial, is enhanced by the fact that what he is accused of doing is difficult for the average person to believe any normal person would want to do. Fortunately, the inclination to have sexual contact with children is rare. Most people do not regard children sexually and are appalled at the idea that a grown man would desire to place his penis in a child's mouth. Absent the evidence the government seeks to offer, Hawpetoss will be aided by this common understanding. Assuming Hawpetoss will appear in all other respects an ordinary person, the jury will be left to wonder why he would do such a thing. By allowing evidence that Hawpetoss is one of those rare persons who obtains sexual gratification from children, the jury will understand that he may have a motivation to commit such a crime that the vast majority of people would not share. Such evidence clearly "makes a fact that is of consequence to the determination of the matter," namely, whether Hawpetoss engaged in sexual acts with children on the occasions alleged in the indictment, more probable than it would be without the evidence. *See United States v. Hadley*, 918 F.2d 848, 851 (9th Cir.1990); *Elliott v. State*, 600 P.2d 1044, 1048-49 (Wyo. 1979).

Aside from this more general consideration of relevance, however, the uncharged acts involving D.A.S. and F.B. are more specifically relevant under the circumstances of this case. D.A.S. and F. B. are the alleged victims in counts two through eight. The specific offenses that are charged are, in the view of the government, merely the tip of the iceberg. The sexual abuse Hawpetoss is alleged to have engaged in with them is a small part of a pattern of abuse that

7

extended over a substantial part of their childhood. It would be difficult, if not impossible, for a jury to assess the credibility of these witnesses if the jury is kept in the dark about the entire scope of the relationship. The fact that the abuse allegedly started when the children were extremely young may help explain why they appeared to acquiesce in the behavior and did not report it earlier. The sheer number of occasions on which it allegedly occurred may explain why their testimony is indefinite about any one incident. The number of the accusers and frequency with which they claim to have been assaulted is clearly relevant to an assessment of their credibility in this case wholly apart from the relevance of such evidence in general.

Having concluded that the evidence the government seeks to offer is relevant and otherwise admissible under Rule 414, I now must determine whether "its probative value is substantially outweighed by the danger of unfair prejudice" and the other concerns listed in Rule 403. In making this determination, I first consider the *Lemay* factors set out above.

The first factor is the similarity of the conduct. Hawpetoss is charged with offenses involving sexual contact with young children. He concedes that the acts are "grossly similar," but argues the similarity is simply by virtue of the fact that they are sexual assaults of children, which by definition are similar. In the end, he argues, similarity washes out as a balancing factor. But more than the similarity of the acts of sexual abuse is present here. All of the acts involve children with whom Hawpetoss had a family or quasi-family relationship. D.A.S. and F.B. were his stepchildren, and M.W. was the child of the woman with whom he was living. S.C. was his nephew, and although the relationship did not appear ongoing, the presence of the knife in S.C.'s account is similar to the use of a knife in counts three and eight of the second superseding indictment.

8

The second *LeMay* factor is proximity in time. The acts involving D.A.S. and F.B. were ongoing and are close in time. The same is less true concerning the acts involving S.C. and M.W., which are alleged to have occurred between 1973 and 1975. The time between the acts involving S.C., M.W. and the oldest of the charged offenses is between ten and twelve years. Other courts, however, have allowed such evidence with intervals of longer duration. *See, e.g., United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999) (ongoing sexually assaultive conduct against six different women between 1977 and 1993); *Meacham* 115 F.3d at 1488 (more than thirty years); *United States v. Larson*, 112 F.3d 600 (2d Cir. 1997) (sixteen to twenty years before trial). It is unclear whether much, if any, weight should be given to the amount of time that has elapsed between the prior uncharged offense or offenses and the offenses for which the defendant is on trial. Neither Rule 414 nor Rule 413 places any time limit on the other offenses that may be offered in evidence. As explained by the sponsors of the legislation, no time limit was imposed because "as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses." 140 Cong. Rec. S12990, *supra*. In any event, I find that this factor clearly favors admission of the other acts involving D.A.S. and F.B. As to those involving S.C. and M.W., I do not find the interval so long as to preclude admission.

The third *LeMay* factor, frequency of prior acts, favors admissibility. Evidence that Hawpetoss engaged in such behavior frequently and over a long period of time makes it more likely that he has a strong predisposition to do so. Indeed, as the statement of the Senate sponsors of the legislation shows, it is just such evidence that Congress intended to allow juries to consider by enacting Rule 414. Frequency of such behavior is indicative of those serious mental disorders that,

9

in another context, the Supreme Court has held justify involuntary commitment. *See Kansas v. Hendricks*, 521 U.S. 346 (1997). The fact that the other acts alleged were not isolated occurrences increases their probative value. *Lemay*, 260 F.3d at 1029.

There is no evidence of any intervening events that would bear on the issue of relevance, and in view of the evidence of an ongoing pattern of sexually abusive conduct toward children, it is difficult to imagine what intervening events could be relevant. Perhaps treatment for sexual disorders or a period of incarceration could be considered relevant intervening events, but there is no evidence of either during the relevant time period in this case. I therefore find an absence of any intervening events that would render the proposed evidence less probative.

As far as the need for testimony beyond what would already be required for trial without such evidence, the government notes that D.A.S. and F.B. will be testifying in any event. Permitting them to recount the history of abuse outlined in the governments motion will not significantly increase the length of the trial. The only additional witnesses who would be called are S.C. and M.W., whose testimony is unlikely to be lengthy. This factor also favors the government and leads me to reject Hawpetoss' contention that admitting such evidence would result in undue delay and a waste of time.

Based on the foregoing, I conclude that the government's motion should be granted. Hawpetoss' argument to the contrary is really an argument against the underlying rationale for Rules 413 and 414. He argues that under those Rules, the court is authorized to admit evidence that would have previously been excluded under Rule 404(b). Even though it is no longer governed by Rule 404(b), he argues it is still unfairly prejudicial and should therefore be excluded under Rule 403. But this argument ignores the fact that Congress found there was a significant difference between

10

sex offenses, especially sex offenses against children, and other types of crime. Congress concluded that Rule 414 evidence was exceptionally probative in child sexual abuse cases, and its determination is not unreasonable.

Hawpetoss claims the government is piling on and suggests that the evidence is already overwhelming. But as to each count, it is Hawpetoss' word against the alleged victim. And because D.A.S. and F.B. lived in a parent/child relationship with him, they can be accused of colluding to concoct a story in retaliation for some childhood slight or failure on Hawpetoss' part. The testimony of S.C. and M.W., on the other hand, coming as it does from individuals not readily associated with D.A.S. and F.B. and relating to similar incidents but separated in time, may make the testimony of D.A.S. and F.B. more credible. I cannot say, at least at this point, that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. Accordingly, the government's motion to admit such evidence is granted.

**SO ORDERED.**

Dated this   10th   day of June, 2005.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge