# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 05-CR-04

ROBERT MICHAEL HAWPETOSS,

        Defendant.

## ORDER ON MOTIONS TO DISMISS BASED ON
## STATUTE OF LIMITATIONS AND LACK OF SPECIFICITY (REVISED[1])

On January 4, 2005, the grand jury returned a single-count indictment against Robert M. Hawpetoss charging him with attempting to engage in a sexual act with a minor on or about September 18, 1999. On March 15, 2005, the grand jury returned a nine-count superseding indictment charging Hawpetoss with eight additional counts of sexual assault involving children. The new charges dated from September of 1982 to the summer of 1993. More specifically, count two alleged that between approximately September of 1982, until approximately September, 1986, Hawpetoss had knowingly engaged in sex acts with D.A.S. (D.O.B., [redacted]-74).[2] Count three alleged a similar offense against D.A.S. during the summer of 1986. The remaining counts alleged

---

[1] Revised to correct *Massarella* cite/quote (pg. 3), grammatical correction (pg. 5 last line) and *Canino* cite (pg. 9.)

[2] The names and birth dates of the alleged minor victims have been redacted in accordance with the Report of the Judicial Conference Committee on Court Administration and Case Management on Privacy and Public Access to Electronic Case Files, *available at* http://www.privacy.uscourts.gov/Policy.htm.

offenses against F.B. (D.O.B., [redacted]-79) that occurred during the winter of 1984, 1985, 1986, 1987, 1988, and in the summer of 1993.

Hawpetoss initially filed a motion to dismiss the original indictment for violation of his right to a speedy trial. On March 2, 2005, Magistrate Judge Aaron E. Goodstein issued a recommendation that the motion be denied. In a separate order, I have adopted Judge Goodstein's recommendation and denied the motion to dismiss the charge that became count one in the superseding indictment. After the superseding indictment was filed, Hawpetoss filed motions to dismiss the additional counts on the grounds that they were barred by the statute of limitations and were not alleged with sufficient specificity as to the time. As an alternative to the second ground for dismissal, Hawpetoss requested that the government be ordered to provide a bill of particulars narrowing the time period within which he is alleged to have committed the charged offenses.

In response to the new motions, the government sought and obtained a second superseding indictment which omitted count four in its entirety and narrowed the time within which count two is alleged to have occurred to between approximately November 30, 1985, until approximately September, 1986. The effect of the superseding indictment was to render moot Hawpetoss' motion to dismiss to the extent it sought dismissal of offenses earlier than November 30, 1985. As to the remaining counts, however, and the more limited count two, the government argued that Hawpetoss' motions should be denied.

On May 18, 2005, Magistrate Judge Goodstein issued his recommendation on the outstanding motions. Judge Goodstein recommended that Hawpetoss' motion to dismiss the remaining counts on statute of limitations grounds be denied. He concluded that the remaining counts in the second superseding indictment were not barred by the original five-year statute of

2

limitations because Congress had extended it on two separate occasions. The original five-year statute of limitations was first extended effective November 29, 1990 to the victim's twenty-fifth birthday. 18 U.S.C. § 3283 (1994). Relying on *Massarella v. Elrod*, 682 F.2d 688, 689 (7th Cir. 1982) ("extending limitation period before a given prosecution is barred does not violate the *ex post facto* clause"), Judge Goodstein concluded that this extension applied to any offenses that occurred on or after November 30, 1985. Although D.A.S. turned twenty-five on [redacted], 1999, and F.B. turned twenty-five on [redacted], 2004, both prior to the time the superseding indictment containing the additional charges was returned, Judge Goodstein noted that a second extension of the statute of limitations maintained the viability of the charges even after their twenty-fifth birthdays. Effective March 29, 2003 Congress extended the applicable statute of limitations to the life of the victim. 18 U.S.C. § 3283 (2003). Since F.B. did not turn twenty-five until [redacted] of 2004, the second extension clearly preserved the government's right to prosecute offenses against F.B.

The analysis was somewhat different, however, as to D.A.S. D.A.S., as noted above, turned twenty-five on [redacted], 1999. If the statute of limitations then in effect had expired at that time, the later extension would not have removed the bar to prosecution. *Stogner v. California*, 539 U.S. 607, 616 (2003). The question that arose then was whether the earlier statute of limitations had already run on the offenses involving D.A.S. before the effective date of most recent extension. Judge Goodstein concluded that it had not run because the limitation period was tolled under 18 U.S.C. § 3290 as a result of Hawpetoss' "fleeing from justice." He therefore concluded that none of the remaining counts were barred and recommended that Hawpetoss' motion to dismiss based on the statute of limitations be denied.

3

Case 1:05-cr-00004-WCG   Filed 06/23/05   Page 3 of 11   Document 89

Magistrate Judge Goodstein also recommended denial of Hawpetoss' motion to dismiss counts two through nine for indefiniteness as to the time of the offenses alleged. Citing *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003), Judge Goodstein noted that a valid indictment must (i) state each element of the alleged offense, (ii) provide the defendant with information adequate for the preparation of his defense, and (iii) provide sufficient basis for a judgment that would bar any subsequent prosecution for the same offense. Recognizing that ultimately, "the test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards" *Hausmann*, 345 F.3d at 955, Judge Goodstein concluded that the challenged counts were sufficient and recommended that the motion to dismiss be denied. To address Hawpetoss' concerns that he was in need of further specificity as to the time of the alleged offenses, however, Judge Goodstein ordered the government to provide him with a bill of particulars by June 1, 2005, specifying at a minimum the month in which each of the offenses alleged in counts two through eight took place. Judge Goodstein concluded that this further specificity was necessary to enable Hawpetoss to prepare a defense.

Hawpetoss has filed objections to Magistrate Judge Goodstein's recommendation that his motions to dismiss be denied. Although he objects to the recommendation in its entirety, he specifically objects to the recommendation that his motion to dismiss count two of the second superseding indictment for lack of temporal specificity be denied. Hawpetoss notes that the second superseding indictment narrowed the time span in which the offense is alleged to have occurred from more than four years to ten months. While he acknowledges this is an improvement, he contends that is still too lengthy a period to provide him sufficient notice to allow him to prepare

a defense and invoke the protection against double jeopardy. Hawpetoss also specifically objects to Judge Goodstein's finding that the statute of limitations was tolled under 18 U.S.C. § 3290 as a result of his leaving the state. He contends that the evidence does not support a finding that he fled from law enforcement officials with the intent to avoid arrest or prosecution.

Turning first to Hawpetoss' contention that the evidence does not support Judge Goodstein's finding that he fled to avoid prosecution, I note that to invoke the tolling statute, the government must prove by a preponderance of the evidence that Hawpetoss left Wisconsin with the intent to avoid arrest or prosecution. *United States v. Marshall*, 856 F.2d 896, 900 (7th Cir. 1988). Hawpetoss argues that the government failed to meet its burden essentially because there is no evidence that Hawpetoss learned of the charges against him until he was arrested in December of 2004. Relying on his own statement to law enforcement upon his arrest (Br. In Resp. to Mot. to Dismiss for Speedy Trial Violation, Ex. 2), Hawpetoss argues that, at most, the evidence shows he was aware of police interest in him regarding a traffic matter and his purchase of alcohol. This, he argues, is not enough. Absent knowledge that he was wanted for the offense, the Magistrate Judge could not find that he fled to avoid arrest or prosecution.

I agree with Magistrate Judge Goodstein and find from the evidence that Hawpetoss fled to avoid arrest and prosecution. The exhibits attached to the government's brief in response to Hawpetoss' motion to dismiss for violation of his speedy trial right (docket # 21, Attach. 1) reveal that tribal police were notified shortly after the alleged attempted assault of M.O. occurred. They searched the area for Hawpetoss and even used a canine unit to attempt to track him through the woods. (Govt. Ex. 1.) They also checked his presumed residence and another location he was associated with. He was not found, and various other efforts that were made to locate him over the

5

months and years that followed, including listing his name in the National Crime Information Center, having a data base search done by the Investigative Information Services Center, checking with relatives and friends, and contacting the television show "America's Most Wanted" about the possibility of featuring Hawpetoss, were unsuccessful as well. Over this period of time, Hawpetoss was arrested in Oregon for disorderly conduct, but he used an assumed name and was released before his true identity was discovered. Law enforcement learned that he was using another alias in Oregon as well. Finally, by Hawpetoss' own admission, he left the reservation and took a ride to his daughter's house in Madison the same night or early morning that the alleged offense occurred. Shortly after his arrival, he learned that police were looking for him and left the area, eventually arriving on a reservation near Portland, Oregon.

I find from this evidence that Hawpetoss fled to avoid arrest or prosecution. Although he claims he first went to a casino to gamble for a couple of hours before leaving the reservation, and states he only heard police were interested in talking to him about a traffic accident and the purchase of alcohol, I conclude from all of the facts that the more likely explanation for his disappearance so soon after the incident was to avoid arrest and prosecution. The flight to a reservation in Oregon and the use of aliases are not simply coincidences and are inconsistent with his claim that he thought police merely wanted to talk to him about a traffic matter and misuse of alcohol. I find that Hawpetoss knew police were looking for him for the attempted assault and fled to avoid arrest or prosecution. Accordingly, the statute of limitations was tolled under 18 U.S.C. § 3290.

As to Hawpetoss' contention that count two should be dismissed because it fails to allege with sufficient specificity when the offense occurred, I note first that "[u]nless the particular date is an element of the alleged offense, it is generally sufficient to prove that the offense was

6

Case 1:05-cr-00004-WCG    Filed 06/23/05    Page 6 of 11    Document 89

committed on any day before the indictment and within the statute of limitations." *United States v. Leibowitz*, 857 F.2d 373, 378 (7th Cir.1988) (*citing Ledbetter v. United States*, 170 U.S. 606, 612-13, (1898)). "[G]reat generality in the allegation of date will suffice, though defendant may be entitled to a bill of particulars if the allegation is too general to permit him to prepare his defense." Wright, Federal Practice and Procedure: Criminal 3d § 125 at 573-75 (1999). Especially in cases involving sexual assault of children, courts have recognized the difficulty of determining the precise time of offense:

> Sexual abuse and sexual assaults of children are difficult crimes to detect and prosecute. Often there are no witnesses except the victim. The child may have been assaulted by a trusted relative or friend and not know who to turn to for assistance and consolation. The child may have been threatened and told not to tell anyone. Even absent a threat, the child might harbor a natural reluctance to reveal information regarding the assault. These circumstances many times serve to deter a child from coming forth immediately. As a result, exactness as to the events fades in memory. Young children cannot be held to an adult's ability to comprehend and recall dates and other specifics.

*State v. Fawcett*, 426 N.W.2d 91, 94 (Wis. Ct. App. 1988) (citations omitted).

The Seventh Circuit addressed this issue in the context of a habeas corpus review of a state conviction in *Fawcett v. Bablitch*, 962 F.2d 617 (7th Cir. 1992). In *Fawcett*, a state probationer argued that his conviction for sexual assault of a child during a six-month period violated his constitutional right to adequate notice of the charges against him. Addressing the issue under the Due Process Clause of the Fourteenth Amendment, the court rejected the contention and affirmed the district court's denial of the petition. In so ruling, the court noted approvingly that Wisconsin courts had adopted the test for the sufficiency of a charge set forth in *United States v. Mills*, 32 U.S. (7 Pet.) 138 (1833), and reaffirmed in *Hamling v. United States*, 418 U.S. 87 (1974). Under that test, "a charge is sufficiently specific when it contains the elements of the crime, permits the accused

7

to plead and prepare a defense, and allows the disposition to be used as a bar in a subsequent prosecution." *Fawcett*, 962 F.2d at 618. Notwithstanding the difficulty of providing an alibi defense for such a period, the court found the charge sufficiently specific. Other courts have reached similar results. *See Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005), and cases cited therein.

Applying the above test to the facts of this case, I conclude that the indictment is sufficiently specific. It contains the elements of the crime, permits the accused to plead and prepare a defense, and allows the disposition to be used as a bar in a subsequent prosecution. It is true that Hawpetoss would have difficulty in preparing an alibi defense. But this is true in many cases involving child sexual assaults. Children often don't report such crimes until months or even years after they occur. And children have only limited perception of dates and times, especially after the passage of a lengthy period of time. The fact that an alibi defense cannot be asserted does not render the charge constitutionally deficient. *See Fawcett*, 962 F.2d at 619 ("True enough, it is hard to provide an alibi for a six-month period, or even for all the weekends during that time ...."). If it did, then most crimes of child sexual assault could not be prosecuted.

I am also satisfied that the charge is sufficiently definite to allow its disposition to be used as a bar to future prosecution. Further prosecution of Hawpetoss for any offense against D.A.S during the charging period would be barred. Although *Fawcett* based its conclusion that the accused in that case was protected by the stipulation of the prosecutor that he would be immune from further prosecution for any sexual contact with the victim during the time period alleged, it is not clear why a stipulation would be needed. Having elected to proceed against Hawpetoss on a single count of sexual contact involving D.A.S. for the entire ten-month period of time, it would

8

appear clear that the government is barred from prosecuting him again for any assault against D.A.S. during that same time period. *See generally United States v. Sertich*, 95 F.3d 520, 523-24 (7th Cir. 1996) (To avoid double jeopardy defense, government must prove by a preponderance of the evidence that the two indictments charge different crimes.). In any event, "[i]t has long been the rule that the entire record of the proceedings, and not the indictment or information alone, may be referred to if there is a claim that a subsequent prosecution constitutes double jeopardy. Wright, Federal Practice and Procedure: Criminal 3d § 125 at 553. I conclude that the indictment is sufficient.

Although Magistrate Judge Goodstein also found the indictment sufficient to withstand Hawpetoss' motion to dismiss, he granted Hawpetoss' alternative motion for a bill of particulars and ordered the government to provide a bill of particulars to enable him to prepare a defense. Specifically, Magistrate Judge Goodstein ordered the government to "identify, at a minimum, the month during which the offenses alleged in counts two through nine took place." Rec. and Order at 10. The government has objected to the Magistrate Judge's order, and it is to that issue that I now turn.

A court may direct the government to file a bill of particulars to provide the defendant "a more specific expression of the activities defendant is accused of having engaged in which are illegal." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). The standard for determining whether a bill of particulars is needed is "whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Id*. However, a bill of particulars is not required where the information necessary for the defense is otherwise available to the defendant. In *Canino*, the court upheld a district court's denial of a bill of particulars where the

9

government maintained an open file policy which provided the defendant with complete and open discovery. The government argues that the same result should obtain here. Relying on *United States v. Azure*, 2003 WL 21196265 (D. N.D. May 16, 2003), the government argues that Hawpetoss has received sufficient information by way of the indictment and the discovery provided pursuant to its open file policy to enable him to understand the charges against him and prepare a defense.

In *Azure*, the defendant was charged by indictment with sexually abusing three children under the age of twelve "in or about August 2002," "in the summer of 1994," "in or about the second half of 1994," and "in or about 1993 or 1994." *Id.* at * 1. Claiming he needed additional details in or order to prepare his defense, the defendant asked the district court to direct the government to provide him with a bill of particulars. The district court denied the request, finding the times alleged for the first three offenses "relatively specific under the circumstances." *Id.* at * 3. Although the court found the fourth count which alleged that the offense occurred "in or about 1993 or 1994 " "more troubling," it concluded that a bill of particulars would serve no useful purpose since the defendant had provided all of the discovery materials, including the witness statements, and thus had all information available to the government. *Id.*

This case differs from *Azure*, however, in at least one respect. Although the time periods in which the offenses were alleged to have occurred in *Azure* were as long or longer than those alleged in this case, they were at least clear. Here, the government has alleged in counts four through seven that the offense occurred during the winter of a particular year. Count four, for example, alleges an offense involving F.B. "during the winter of 1985." (Second Superseding Indictment, at 4.) But winter begins in December of one year and runs into March of the next. Does

10

the government mean that count four occurred during the last ten days of 1985 or sometime in the course of the 1985-86 winter season? The government should clarify what it means when it alleges an offense occurred during the winter of a particular year by filing a bill of particulars before trial.

Magistrate Judge Goodstein, of course, ordered the government to go further and identify the particular month each count occurred. As to this issue, I agree with the government that such specificity is not required and should not be ordered absent some indication that the government is capable of providing it. Based on the foregoing discussion and authority, I conclude that the existing degree of specificity contained in the indictment is sufficient to allow the defendant to prepare a defense. And because the government has provided the defense with all of its file materials, including all witness statements, I conclude that the defendant already has whatever information the government would use in an effort to further narrow the times of alleged offenses. Accordingly, Hawpetoss' request that the government provide a bill of particulars narrowing the time periods when the alleged offenses occurred will be denied.

**IT IS THEREFORE ORDERED** that the defendant's motions to dismiss based on the statute of limitations and insufficiency of the indictment are **DENIED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order for a bill of particulars is modified to require that the government clarify the time within which the offenses alleged in count four through seven occurred. A bill of particulars providing such information must be provided to the defense on or before June 13, 2005.

Dated this __23rd__ day of June, 2005, *nunc pro tunc* June 7, 2005.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge